IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | | |
|---|---|---|
| IN RE: | * | |
| ZACHAIR, LTD., | * | Case No. 20-10691-LSS |
| Debtor | * | (Chapter 11) |
| * * * * * * * | * * * * * * | |
| LAWRENCE A. KATZ, Plan Administrator | * | |
| | * | |
| Plaintiff | | |
| v. | * | Adversary Proceeding 23-00014 |
| NABIL J. ASTERBADI | * | |
| and | * | |
| MAUREEN ASTERBADI | * | |
| Defendants | * | |
| * * * * * * * | * * * * * * | |

### DEFENDANTS' ANSWER

Defendants, Nabil J. Asterbadi and Maureen Asterbadi, by and through their undersigned counsel, and pursuant to Rules 7008 and 7012 of the Federal Rules of Bankruptcy Procedure, hereby answers the Complaint [ECF 1] (the "Complaint") as follows:

### RESPONSE TO COMPLAINT ALLEGATIONS

#### Parties

1. The Defendants admit the allegations in paragraph 1 of the Complaint.

2. The Defendants admit the allegations in paragraph 2 of the Complaint.

5581547.1

3. The Defendants admit the allegations in paragraph 3 of the Complaint, with the exception of the allegations as to Mrs. Asterbadi's status as an officer.

4. The Defendants admit the allegations in paragraph 4 of the Complaint.

## Jurisdiction and Venue

5. The Defendants admit the legal authority provided in paragraph 5 of the Complaint, but deny that the Plaintiff is entitled to any relief.

6. The Defendants admit the legal authority provided in paragraph 6 of the Complaint, but deny that the Plaintiff is entitled to any relief.

## Facts

**A. The Bankruptcy Case**

7. The Defendants admit the allegations in paragraph 7 of the Complaint, with the exception of the allegations as to Dr. Asterbadi's designation to perform the duties imposed on the Debtor by the Bankruptcy Code.

**B. The Debtor**

8. The Defendants admit the allegations in paragraph 8 of the Complaint, with the exception of the allegations as to Mrs. Asterbadi's service as a director of the Debtor.

9. The document referenced in paragraph 9 of the Complaint speaks for itself and the Defendants deny the allegations to the extent inconsistent with such document. Defendants deny the allegations as to Mrs. Asterbadi's service as a director of the Debtor and the Defendants' control of the Debtor.

2

10. The document referenced in paragraph 10 of the Complaint speaks for itself and the Defendants deny the allegations to the extent inconsistent with such document.

11. The Defendants deny the allegations in paragraph 11 of the Complaint.

**C. The Property**

12. The Defendants admit the allegations in paragraph 12 of the Complaint.

13. The Defendants admit the allegations in paragraph 13 of the Complaint.

14. The documents referenced in paragraph 14 of the Complaint speaks for themself and the Defendants deny the allegations to the extent inconsistent with such documents. The Defendants admit the Surcharge Fill Operation generally, but deny the allegations as to the extent of the operations and the Defendants' control thereof.

**D. The Defendants' Devaluation of the Property Through the Surcharge Fill Operation.**

15. The Defendants admit the Surcharge Fill Operation generally, but deny the remaining allegations in paragraph 15 of the Complaint as to mismanagement, greed, and ignorance of requirements on the part of the Defendants, and further deny the allegation of diminished value.

16. The Defendants deny the allegations in paragraph 16 of the Complaint.

17. The Defendants deny the allegations in paragraph 17 of the Complaint.

18. The Defendants deny the allegations in paragraph 18 of the Complaint.

19. The Defendants deny the allegations in paragraph 19 of the Complaint.

20. The document referenced in paragraph 20 of the Complaint speaks for itself and the Defendants deny the allegations to the extent inconsistent with such document. The Defendants

admit the Surcharge Fill Operation generally, but deny the remaining allegations as to the Defendants' knowledge, the characterization of the Defendants' expenses and lifestyle, the characterization of pretense by the Defendants, and the Defendants' ignorance of warnings and instructions.

21. The Defendants admit the allegations in paragraph 21 of the Complaint as to the valuations, offers received, and the sale price of the Property, but deny the remaining allegations.

**E. The PD Hyde Lawsuit**

22. The document referenced in paragraph 22 of the Complaint speaks for itself and the Defendants deny the allegations to the extent inconsistent with such document.

23. The document referenced in paragraph 23 of the Complaint speaks for itself and the Defendants deny the allegations to the extent inconsistent with such document. In further answering, the Defendants deny the underlying allegations in the referenced document that are restated in the Complaint.

24. The document referenced in paragraph 24 of the Complaint speaks for itself and the Defendants deny the allegations to the extent inconsistent with such document. The Defendants admit the Debtor's bankruptcy filing and the status of the PD Hyde litigation prior thereto, but deny the allegations as to "vast proceeds" being spent on personal expenses.

25. The document referenced in paragraph 25 of the Complaint speaks for itself and the Defendants deny the allegations to the extent inconsistent with such document.

### F. Sale of the Property During the Bankruptcy Case and Dr. Asterbadi's Obstruction of the Debtor's Sale Efforts

26. The document referenced in paragraph 26 of the Complaint speaks for itself and the Defendants deny the allegations to the extent inconsistent with such document. The Defendants admit that the purpose of the Bankruptcy Case being the sale of the Property, that marketing efforts were undertaken, and that the JP Contract would have paid the Debtor's creditors in full. The Defendants deny the remaining allegations beyond the referenced document.

27. The documents referenced in paragraph 27 of the Complaint speaks for themself and the Defendants deny the allegations to the extent inconsistent with such documents. Defendants admit the termination of the JP Contract.

28. The Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 28 of the Complaint, and, therefore, the allegations are denied.

29. The document referenced in paragraph 29 of the Complaint speaks for itself and the Defendants deny the allegations to the extent inconsistent with such document. Beyond the referenced document and its terms, the Defendants dispute the remaining allegations as to the Debtor's determination and consultation with its advisors.

30. The Defendants admit the allegations in paragraph 30 of the Complaint.

31. The Defendants admit the $7.5 million offer made by NVR and the result of not being able to pay creditors in full, but otherwise lacks sufficient knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 31 of the Complaint as to NVR's communications to the Debtor.

5581547.1

32. The documents referenced in paragraph 32 of the Complaint speaks for themself and the Defendants deny the allegations to the extent inconsistent with such documents. Defendants deny the allegations as to characterization of the auction and the Debtor's authority to conduct the auction.

33. The documents referenced in paragraph 33 of the Complaint speaks for themself and the Defendants deny the allegations to the extent inconsistent with such documents.

34. Dr. Asterbadi's prior testimony referred in paragraph 34 of the Complaint speaks for itself and the Defendants deny the allegations to the extent inconsistent with such. The Defendants deny the allegations as to the characterization of Dr. Asterbadi's testimony. The documents referenced speaks for themself and the Defendants deny the allegations to the extent inconsistent with such documents. In further answering, the Defendants deny the underlying allegations in the referenced documents that are restated in the Complaint.

35. The documents referenced in paragraph 35 of the Complaint speaks for themself and the Defendants deny the allegations to the extent inconsistent with such documents. In further answering, the Defendants deny the underlying allegations in the referenced documents that are restated in the Complaint. The Defendants deny the remaining allegations beyond the referenced document.

36. The record of the November 2 hearing referenced in paragraph 36 of the Complaint speaks for itself and the Defendants deny the allegations to the extent inconsistent with such.

37. The documents referenced in paragraph 37 of the Complaint speaks for themself and the Defendants deny the allegations to the extent inconsistent with such documents.

5581547.1

## Count I
### (Loans to Shareholders)

38. No response is required to Paragraph 38 of the Complaint.

39. The Defendants generally admit that funds from the Debtor's operations were used to pay personal expenses of the Defendants as the owners of the Debtor, but deny the Defendants' control of the Debtor and the remaining allegations in paragraph 39 of the Complaint.

40. The document referenced in paragraph 40 of the Complaint speaks for itself and the Defendants deny the allegations to the extent inconsistent with such document.

41. The documents referenced in paragraph 41 of the Complaint speaks for themself and the Defendants deny the allegations to the extent inconsistent with such documents.

42. The Defendants admit that the loan transactions were not taxed as income, but otherwise the allegations and the characterizations in paragraph 42 of the Complaint.

43. The Defendants deny the allegations in paragraph 43 of the Complaint.

44. The Defendants deny the allegations in paragraph 44 of the Complaint.

45. The Defendants deny the allegations in paragraph 45 of the Complaint.

46. The Defendants deny that there is any basis for the relief requested in paragraph 46 of the Complaint.

## Count II
### Breach of Fiduciary Duty For Failure to Preserve Assets of the Estate
### (Avoidance Actions)

47. No response is required to Paragraph 47 of the Complaint.

7

48. The Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 48 of the Complaint, and, therefore, the allegations are denied.

49. The Defendants deny the allegations in paragraph 49 of the Complaint.

50. The Defendants deny the allegations in paragraph 50 of the Complaint.

51. The Defendants deny the allegations in paragraph 51 of the Complaint.

52. The Defendants deny the allegations in paragraph 52 of the Complaint.

53. The documents referenced in paragraph 53 of the Complaint speaks for themself and the Defendants deny the allegations to the extent inconsistent with such documents. The Defendants deny the remaining allegations beyond the referenced documents.

54. The Defendants admit the legal authority cited in paragraph 54 of the Complaint, but deny that the Plaintiff is entitled to any relief.

55. The Defendants admit the allegations in paragraph 55 of the Complaint. In further answering, the Defendants deny that there is any validity to the alleged Avoidance Actions.

56. The document referenced in paragraph 56 of the Complaint speaks for itself and the Defendants deny the allegations to the extent inconsistent with such document. Defendants admit that the JP Contract would have paid creditors in full.

57. The document referenced in paragraph 57 of the Complaint speaks for itself and the Defendants deny the allegations to the extent inconsistent with such document.

58. The Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations as to JP Land Holdings awareness, but the Defendants otherwise admit the allegations in paragraph 58 of the Complaint.

5581547.1

59. The document referenced in paragraph 59 of the Complaint speaks for itself and the Defendants deny the allegations to the extent inconsistent with such document.

60. The Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 60 of the Complaint, and, therefore, the allegations are denied.

61. The Defendants admit the allegations in paragraph 61 of the Complaint regarding the meeting held in November 2021 to discuss DPIE's position, but deny the remaining allegations and, specifically, deny that Mrs. Asterbadi was represented at the meeting.

62. The Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 62 of the Complaint, and, therefore, the allegations are denied.

63. The document referenced in paragraph 63 of the Complaint speaks for itself and the Defendants deny the allegations to the extent inconsistent with such document.

64. The Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 64 of the Complaint, and, therefore, the allegations are denied.

65. The document referenced in paragraph 65 of the Complaint speaks for itself and the Defendants deny the allegations to the extent inconsistent with such document.

66. The Defendants deny the allegations in paragraph 66 of the Complaint as stated.

67. The document referenced in paragraph 67 of the Complaint speaks for itself and the Defendants deny the allegations to the extent inconsistent with such document. The Defendants deny the remaining allegations in paragraph 67 of the Complaint as stated.

68. The Defendants admit the allegations in paragraph 68 of the Complaint.

5581547.1

69. The documents referenced in paragraph 69 of the Complaint speaks for themself and the Defendants deny the allegations to the extent inconsistent with such documents. Defendants deny that the purchase would not have resulted in full payment to creditors.

70. Paragraph 70 of the Complaint asserts legal conclusions which are conditioned upon factual allegations that the Defendants deny, and, therefore, the legal conclusions are denied.

71. The Defendants deny the allegations in paragraph 71 of the Complaint.

72. The Defendants deny the allegations in paragraph 72 of the Complaint.

73. The Defendants deny the allegations in paragraph 73 of the Complaint.

74. The Defendants admit the allegations in the first sentence of paragraph 74 of the Complaint. The Defendants deny the remaining allegations in paragraph 74 of the Complaint.

75. The Defendants deny the allegations in paragraph 75 of the Complaint.

### Count III
### Breach of Fiduciary Duty For Failure to Preserve Assets of the Estate
**(Property)**

76. No response is required to Paragraph 76 of the Complaint.

77. Paragraph 77 of the Complaint asserts legal conclusions which are conditioned upon factual allegations that the Defendants deny, and, therefore, the legal conclusions are denied.

78. The Defendants deny the allegations in paragraph 78 of the Complaint.

79. The Defendants deny the allegations in paragraph 79 of the Complaint.

80. The Defendants deny the allegations in paragraph 80 of the Complaint.

81. The Defendants deny the allegations in paragraph 81 of the Complaint.

82. The Defendants deny the allegations in paragraph 82 of the Complaint.

5581547.1

83. The Defendants deny the allegations in paragraph 83 of the Complaint.

84. The Defendants deny the allegations in paragraph 84 of the Complaint.

85. The Defendants deny the allegations in paragraph 85 of the Complaint.

86. The Defendants deny the allegations in paragraph 86 of the Complaint.

## Count IV
## Breach of Fiduciary Duty; Unjust Enrichment
## (Tax Payments)

87. No response is required to Paragraph 87 of the Complaint.

88. The Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 88 of the Complaint, and, therefore, the allegations are denied.

89. The Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 89 of the Complaint, and, therefore, the allegations are denied.

90. The Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 90 of the Complaint, and, therefore, the allegations are denied.

91. The Defendants admit the allegations in paragraph 91 of the Complaint.

92. The Defendants admit the allegations in paragraph 92 of the Complaint.

93. The Defendants admit the allegations in paragraph 93 of the Complaint.

94. The Defendants admit the allegations in paragraph 94 of the Complaint.

95. The Defendants deny the allegations in paragraph 95 of the Complaint.

96. The Defendants deny the allegations in paragraph 96 of the Complaint.

97. The Defendants deny the allegations in paragraph 97 of the Complaint.

98. The Defendants deny the allegations in paragraph 98 of the Complaint.

99. The Defendants deny the allegations in paragraph 99 of the Complaint.

100. The Defendants deny the allegations in paragraph 100 of the Complaint.

**AFFIRMATIVE DEFENSES**

1. The Complaint fails to state a claim upon which relief can be granted.

2. The relief sought in the Complaint is barred, at least in part, by accord and satisfaction.

3. The relief sought in the Complaint is barred, at least in part, by payment.

4. The relief sought in the Complaint is barred, at least in part, by release.

5. The relief sought in the Complaint is barred, at least in part, by waiver.

6. The relief sought in the Complaint is barred, at least in part, by laches.

7. The relief sought in the Complaint is barred, at least in part, by ratification.

8. The relief sought in the Complaint is barred, at least in part, by applicable statute(s) of limitations.

9. The relief sought in the Complaint is barred, at least in part, by applicable statute(s) of fraud.

10. The relief sought in the Complaint is barred, at least in part, by application of the Business Judgment Rule.

11. The relief sought in the Complaint is barred, at least in part, by collateral estoppel and/or res judicata.

12. The relief sought in the Complaint is barred, at least in part, as duplicative.

The Defendants reserve the right to amend this Answer to include other affirmative defenses that may become known hereafter.

WHEREFORE, the Defendants request that the Complaint be dismissed.

Respectfully submitted,

Date:   March 10, 2023

/s/ Joseph M. Selba
Joseph M. Selba, Bar No. 29181
Tydings & Rosenberg LLP
1 East Pratt Street, Suite 901
Baltimore, Maryland 21202
410-752-9700
jselba@tydingslaw.com
*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY, on this 10th day of March 2023, that a copy of the foregoing *Answer* was served on the following:

Lawrence A. Katz, Plan Administrator Plaintiff, **VIA ECF**:
- Kristen Elizabeth Burgers, Esq. (kburgers@hirschlerlaw.com);
- Lawrence A. Katz, Esq. (lkatz@hirschlerlaw.com)

/s/ Joseph Selba
Joseph Selba

5581547.1