### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF MARYLAND
### (Greenbelt Division)

| | | |
|---|---|---|
| In Re: | * | |
| | * | **Case No. 20-10691-LSS** |
| ZACHAIR, LTD. | * | |
| | * | **Chapter 11** |
| | * | |
| Debtor. | * | |
| | * | |
| | * | |
| | * | |
| LAWRENCE ALLEN KATZ | * | **Adv. No. 23-00014** |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| NABIL ASTERBADI, ET AL. | * | |
| | * | |
| Defendants. | * | |
| | * | |

### AMENDED ANSWER OF NABIL ASTERBADI TO COMPLAINT (I) TO RECOVER SHAREHOLDER LOANS, (II) FOR BREACH OF FIDUCIARY DUTY, AND (III) FOR UNJUST ENRICHMENT

Defendant Nabil Asterbadi ("Defendant"), by and through undersigned counsel, files this Amended Answer to Complaint (I) to Recover Shareholder Loans; (II) for Breach of Fiduciary Duty, and (III) For Unjust Enrichment and, in support thereof, answers as follows:

### General Denial

Except as otherwise expressly admitted in this Amended Answer, the Defendant denies all allegations contained in the Complaint.

1

### Parties

1.      The Defendant is aware that Plaintiff was appointed Plan Administrator, but is without sufficient information to admit or deny the remaining allegations contained in paragraph 1 of the Complaint.

2.      The Defendant admits the allegations contained in paragraph 2 of the Complaint.

3.      The Defendant admits the first and third sentence of paragraph 3 of the Complaint, but denies the remaining allegations.

4.      The Defendant admits the allegations contained in paragraph 4 of the Complaint.

### Jurisdiction and Venue

5.      The allegations contained in paragraph 5 of the Complaint call for a legal conclusion for which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 5 of the Complaint.

6.      The allegations contained in paragraph 6 of the Complaint call for a legal conclusion for which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 6 of the Complaint.

### Facts

**A.      The Bankruptcy Case**

7.      The Defendant admits that the Debtor filed a voluntary petition for relief under Chapter 11 on January 17, 2020, and continued in possession of its property and the management of its business as a debtor-in-possession until the court appointed a chapter 11 trustee by order entered on November 10, 2022.  By way of further answer,

Defendant admits that he was appointed as designated representative on behalf of the company to execute and file petitions, schedules, lists, documents and other pleadings and papers and to take any actions necessary or proper in connection with the bankruptcy case.

**B.     The Debtor**

8.      The Defendant admits that the Debtor was formed on January 6, 1994, and that it was owned as tenants by the Entireties.  Defendant admits that Kathy Lane was a former employee of Defendant's medical practice that she has had no involvement with the Debtor for many years.  Defendant is without sufficient information to admit or deny the remaining allegations contained in paragraph 8 of the Complaint.

9.      The document referenced in paragraph 9 of the Complaint speaks for itself.  By way of further answer, Defendant denies the remaining allegations contained in paragraph 9 of the Complaint.

10.     The Defendant admits executing a resolution authorizing the Debtor to file a voluntary chapter 11 petition.  By way of further answer, the document referenced in paragraph 10 of the Complaint speaks for itself.  Defendant denies any allegations inconsistent therewith.

11.     The Defendant denies the allegations contained in paragraph 11 of the Complaint.

**C.    The Property**

12.     The Defendant admits that the Debtor owned the Property located in Prince George's County, Maryland, but has not reviewed tax assessor or other records to admit or deny the remaining allegations contained in paragraph 12 of the Complaint.

13.     The Defendant admits the allegations contained in paragraph 13 of the Complaint.

14.     The Defendant admits that the Property was mined for sand and gravel. Defendant further admits that there was a Surcharge Fill Operation on the Property that was a source of revenue for the Debtor.  Defendant admits that the Surcharge Fill Operation generated revenue for the Debtor which changed from year to year, with some years greater than others.  Defendant further admits that the Debtor had a contract with Metro Earthworks, which provided revenue to the Debtor.  The Defendant denies the remaining allegations contained in paragraph 14 of the Complaint.

     **D.**     **The Defendants' Devaluation of the Property Through the Surcharge Fill Operation**

15.     The Defendant admits the first and second sentences of paragraph 15 of the Complaint.  Defendant denies the remaining allegations contained in paragraph 15 of the Complaint.

16.     The Defendant admits that the fill dirt was to be of a certain quality, and that the Debtor hired a monitor to inspect incoming fill material.  The Defendant denies the remaining allegations contained in paragraph 16 of the Complaint.

17.     The Defendant denies the allegations contained in paragraph 17 of the Complaint.

18.     The Defendant denies the allegations contained in paragraph 18 of the Complaint.

19.     The Defendant denies the allegations contained in paragraph 19 of the Complaint.

4

20.    The Defendant admits that the books and records of the Debtor recorded loans to shareholders, among other things.  The Defendant denies the remaining allegations contained in paragraph 20 of the Complaint.

21.    The Defendant admits that at the commencement of the bankruptcy case, the Property was values at $19 - $22M, and that the Debtor received offers for the Property exceeding $16M.  The Defendant denies the remaining allegations contained in paragraph 21 of the Complaint.

**E.    The PD Hyde Lawsuit**

22.    The Defendant admits the allegations contained in paragraph 22 of the Complaint.

23.    The Defendant admits that in or around September 2018, the Debtor notified PD Hyde that it was in default.  The Defendant admits that following the Debtor placing PD Hyde in default, PD Hyde filed a complaint against the Debtor and Defendant.  By way of further answer, the document referenced in paragraph 23 of the Complaint speaks for itself.  The Defendant denies the allegations contained in the PD Hyde complaint, and any allegations contained in paragraph 23 of the Complaint not otherwise expressly admitted herein.

24.    The Defendant admits that PD Hyde recorded a Lis Pendens, which created a cloud on title to the Property.  The Defendant denies the remaining allegations contained in paragraph 24 of the Complaint.

25.    The Defendant admits that a settlement was reached, but is without sufficient information to admit or deny the remaining allegations.  By way of further answer, the document referenced in paragraph 25 of the Complaint speaks for itself.

F.    **Sale of the Property During the Bankruptcy Case and Dr. Asterbadi's Obstruction of the Debtor's Sale Efforts**

26.    The Defendant admits that among other things, the purpose of the Bankruptcy was to market the Property for sale.  The Defendant further admits that the Debtor retained Fraser Forbes to market the Property, and that in or around June of 2021, the Debtor entered into a contract for sale with JP Land Holdings, LLC.  By way of further answer, the document referenced in paragraph 26 of the Complaint speaks for itself.

27.    The Defendant admits that the JP Land Holdings contract was terminated, after certain amendments to the contract.  By way of further answer, the JP Land Holdings contract referenced in paragraph 27 of the Complaint speaks for itself.

28.    The Defendant admits that a meeting with DPIE occurred sometime in late 2021, and that certain permitting issues were raised.  The Defendant is without sufficient information to admit or deny the remaining allegations contained paragraph 28 of the Complaint, and therefore denies the remaining allegations contained in paragraph 28 of the Complaint.

29.    The Defendant generally admits the allegations contained in paragraph 29 of the Complaint.  By way of further answer, the document referenced in paragraph 29 of the Complaint speaks for itself, and the Defendant denies any allegations inconsistent therewith.

30.    The Defendant admits that the Debtor procured various reports and studies; retained various professionals to assist in the sale process; and conferred with representatives of DPIE.  The Defendant is without sufficient information to admit or

deny the remaining allegations contained in paragraph 30 of the Complaint, and therefore denies the same.

31.     The Defendant admits that NVR indicated that it would not proceed with the contract, and that NVR submitted a reduced bid of $7.5 million.  The Defendant is without sufficient information to admit or deny the remaining allegations contained in paragraph 31 of the Complaint, and therefore denies the same.

32.     The documents referenced in paragraph 32 of the Complaint, and the record of this matter, speak for themselves.  By way of further answer, the Defendant admits that an auction was scheduled to be held on or about October 7, 2022.  The Defendant denies the remaining allegations contained in paragraph 32 of the Complaint.

33.     The record of the hearing; the record of the bankruptcy matter; and the transcript referenced in paragraph 33 of the Complaint speak for themselves.  The Defendant denies the remaining allegations contained in paragraph 33 of the Complaint.

34.     The Defendant denies that he made any threat that he would not take actions to consummate a sale of the Property to NVR.  The Defendant admits the U.S. Trustee filed a motion seeking the appointment of a chapter 11 trustee, but denies the allegations contained therein.  By way of further answer, the record of the hearing and the record of the bankruptcy matter speak for themselves.

35.     The Defendant admits that he contacted one or more Dewberry employees, but denies that he attempted to interfere with the sale of the Property in order to further his own personal interest.  The Defendant is without sufficient information to admit or deny what caused Dewberry to take any action.   By way of further answer, the Defendant denies the remaining allegations contained in paragraph 35 of the Complaint.

36.     The record of the hearing referenced in paragraph 36 of the Complaint speaks for itself.  By way of further answer, the Defendant denies the premise that he voluntarily withdrew his opposition and consented to the appointment of a chapter 11 trustee to take control over the debtor.  The Defendant denies the remaining allegations contained in paragraph 36 of the Complaint.

37.     The documents referenced in paragraph 37 of the Complaint speak for themselves.  The Defendant denies any allegations inconsistent therewith.

**Count I**
**(Loans to Shareholders)**

38.     No response is required to paragraph 38 of the Complaint.

39.     The Defendant admits that the books and/or records of the Defendant reflect loans to shareholders, and/or owner draws.  The Defendant denies the remaining allegations contained in paragraph 39 of the Complaint.

40.     The Defendant admits that he signed the Amended SOFA.  The Defendant denies the remaining allegations contained in paragraph 40 of the Complaint.

41.     The Defendant admits that the tax returns of the Defendant reflect loans to shareholders, and/or owner draws.  The Defendant is without sufficient information to admit or deny the remaining allegations contained in paragraph 41 of the Complaint, and therefore denies the same.

42.     The Defendant denies the allegations contained in paragraph 42 of the Complaint.

43.     The Defendant denies the allegations contained in paragraph 43 of the Complaint.

44.     The Defendant denies the allegations contained in paragraph 44 of the Complaint.

45.     The Defendant denies the allegations contained in paragraph 45 of the Complaint.

46.     The Defendant denies that the Plaintiff is entitled to the relief sought in paragraph 46 of the Complaint.

**Count II**
**Breach of Fiduciary Duty for Failure to Preserve Assets of the Estate**
**(<u>Avoidance Actions</u>)**

47.     No response is required to paragraph 47 of the Complaint.

48.     The allegation contained in paragraph 48 of the Complaint calls for a legal conclusion for which no response is required.  To the extent a response is required, the Defendant denies the allegations contained in paragraph 48.

49.     The Defendant admits that the Amended SOFA identified certain alleged transfers.   The Defendant denies the remaining allegation/characterization alleged in paragraph 49 of the Complaint.

50.     The Defendant denies the allegations contained in paragraph 50 of the Complaint.  By way of further answer, the allegations contained in paragraph 50 of the Complaint call for a legal conclusion for which no response is required.  To the extent a response is required, the Defendant denies the allegations contained in paragraph 50.

51.     The Defendant denies the allegations contained in paragraph 51of the Complaint.  By way of further answer, the allegations contained in paragraph 51 of the Complaint call for a legal conclusion for which no response is required.  To the extent a response is required, the Defendant denies the allegations contained in paragraph 51.

52.     The Defendant denies the allegations contained in paragraph 52 of the Complaint.  By way of further answer, the allegations contained in paragraph 52 of the Complaint call for a legal conclusion for which no response is required.  To the extent a response is required, the Defendant denies the allegations contained in paragraph 52.

53.     The Defendant denies the allegations contained in paragraph 53 of the Complaint.

54.     The allegation contained in paragraph 54 of the Complaint call for a legal conclusion for which no response is required.

55.     The Defendant admits the first sentence of paragraph 55 of the Complaint. The remaining allegation calls for a legal conclusion for which no response is required.

56.     The Defendant admits the allegations contained in paragraph 56 of the Complaint.

57.     The document referenced in paragraph 57 of the Complaint speaks for itself.  The Defendant denies any allegations inconsistent therewith.

58.     The Defendant admits the allegations contained in paragraph 58 of the Complaint.

59.     The document referenced in paragraph 59 of the Complaint speaks for itself.  The Defendant denies any allegations inconsistent therewith.

60.     The Defendant is aware that JP Land Holdings representatives met with DPIE, but denies the remaining allegations contained in paragraph 60 of the Complaint.

61.     The Defendant recalls a telephone or virtual conference concerning the JP Contract, but is without sufficient information to recall the date or the entire substance of the communication.

62.    The Defendant denies the allegations contained in paragraph 62 of the Complaint.

63.    The document referenced in paragraph 63 of the Complaint speaks for itself.

64.    The Defendant admits that JP Holdings expressed concerns about the transaction, but denies the remaining allegation contained in paragraph 64 of the Complaint.

65.    The document referenced in paragraph 65 of the Complaint speaks for itself.

66.    The Defendant admits that he had discussions with Debtor's counsel.  By way of further answer, any discussions between the Defendant in his role as Designated Representative of the Debtor are protected by attorney-client privilege.  To the extent an answer is required, the Defendant denies the allegations contained in paragraph 66 of the Complaint.

67.    The Defendant admits that he had discussions with Debtor's counsel.  By way of further answer, any discussions between the Defendant in his role as Designated Representative of the Debtor are protected by attorney-client privilege.  By way of further answer, the Defendant admits that a Notice of Abandonment of Avoidance Actions was filed.  To the extent an answer is required, the Defendant denies the remaining allegations contained in paragraph 67 of the Complaint.

68.    The Defendant admits that no objections were received.  The Defendant is without sufficient information to admit or deny the remaining allegations contained in paragraph 68 of the Complaint.

69.     The documents referenced in paragraph 69 of the Complaint speak for themselves.

70.     The allegations contained in paragraph 70 of the Complaint call for legal conclusions for which no response is required.  To the extent a response is required, the Defendant exercised his fiduciary duties.

71.     The Defendant denies both the characterization and substance of the allegations contained in paragraph 71 of the Complaint.  By way of further answer, the allegations contained in paragraph 71 of the Complaint call for a legal conclusion for which no response is required.

72.     The Defendant denies the allegations contained in paragraph 72 of the Complaint.

73.      The Defendant denies the allegations contained in paragraph 73 of the Complaint.

74.     The Defendant denies the allegations contained in paragraph 74 of the Complaint.

75.     The Defendant denies the allegations contained in paragraph 75 of the Complaint.

**Count III**
**Breach of Fiduciary Duty for Failure to Preserve Assets of the Estate**
**(Property)**

76.     No response is required to paragraph 76 of the Complaint.

77.     The allegations contained in paragraph 77 of the Complaint call for legal conclusions for which no response is required.  To the extent a response is required, the Defendant exercised his fiduciary duties.

78.     The Defendant denies the allegations contained in paragraph 78 of the Complaint.

79.     The Defendant denies the allegations contained in paragraph 79 of the Complaint.

80.     The Defendant denies the allegations contained in paragraph 80 of the Complaint.

81.     The Defendant denies the allegations contained in paragraph 81 of the Complaint.

82.     The Defendant denies the allegations contained in paragraph 82 of the Complaint.

83.     The Defendant denies the allegations contained in paragraph 83 of the Complaint.

84.     The Defendant denies the allegations contained in paragraph 84 of the Complaint.

85.     The Defendant denies the allegations contained in paragraph 85 of the Complaint.

86.     The Defendant denies the allegations contained in paragraph 86 of the Complaint.

**Count IV**
**Breach of Fiduciary Duty; Unjust Enrichment**
**(Tax Payments)**

87.     No response is required to paragraph 87 of the Complaint.

88.     The allegations contained in paragraph 88 of the Complaint call for a legal conclusion for which no response is required.   To the extent a response is required, the Defendant denies the allegations contained in paragraph 88.

89.     The allegations contained in paragraph 89 of the Complaint call for a legal conclusion for which no response is required.  To the extent a response is required, the Defendant denies the allegations contained in paragraph 89.

90.     The allegations contained in paragraph 90 of the Complaint call for a legal conclusion for which no response is required.  To the extent a response is required, the Defendant denies the allegations contained in paragraph 90.

91.     The allegations contained in paragraph 91 of the Complaint call for a legal conclusion for which no response is required.

92.     The Defendant admits that they are the sole shareholders of the Debtor, and residents of the District of Columbia.  The Defendant denies the remaining allegations contained in paragraph 92 of the Complaint.

93.     The Defendant is without sufficient information to admit or deny the allegations contained in paragraph 93 of the Complaint.  To the extent a response is required, the Defendant denies the allegations contained in paragraph 93.

94.     The Defendant is without sufficient information to admit or deny the allegations contained in paragraph 94 of the Complaint.  To the extent a response is required, the Defendant denies the allegations contained in paragraph 94.

95.     The Defendant is without sufficient information to admit or deny the allegations contained in paragraph 95 of the Complaint.  To the extent a response is required, the Defendant denies the allegations contained in paragraph 95.

96.     The allegation contained in paragraph 96 of the Complaint calls for a legal conclusion for which no response is required.  By way of further answer, the Defendant denies the allegations contained in paragraph 96 of the Complaint.

97.     The Defendant denies the allegations contained in paragraph 97 of the Complaint.

98.     The Defendant denies the allegations contained in paragraph 98 of the Complaint.

99.     The Defendant denies the allegations contained in paragraph 99 of the Complaint.

100.    The Defendant denies the allegations contained in paragraph 100 of the Complaint.

101.    **Any allegation not expressly admitted in this Amended Answer is denied.**

**WHEREFORE,** Defendant Nabil Asterbadi, having fully answered the Complaint, respectfully requests that the relief sought in the Complaint be denied and award the Defendant his reasonable costs and attorney's fees incurred in defending this action.

## <u>Affirmative Defenses</u>

1.     The Complaint fails to state a claim upon which relief can be granted.

2.     The Plaintiff's claims and/or abilities to recover in this matter are barred and/or reduced by the following affirmative defenses:

      a.     Accord and satisfaction;
      b.     Collateral estoppel;

c.   Estoppel;
d.   Payment;
e.   Privilege;
f.   Release;
g.   Res judicata and/or collateral estoppel;
h.   Laches;
i.   Setoff; and,
j.   Waiver.

3.    The Defendant reserves the right to avail himself of all other defenses that are or may be available as this matter progresses.

**<u>Jury Demand</u>**

The Defendant demands a trial by jury as to all issues and claims for which a jury trial is permitted under applicable rules and statutes.

Dated: April 28, 2023                    Respectfully submitted

MCNAMEE HOSEA P.A.

<u>/s/ Steven L. Goldberg</u>
Steven L. Goldberg (Fed Bar No. 28089)
6411 Ivy Lane, Suite 200
Greenbelt, MD 20770
(t) 301-441-2420
(f) 301-982-9450
sgoldberg@mhlawyers.com
*Attorneys for Nabil Asterbadi*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 28th day of April, 2023, a true and correct copy of the foregoing Answer has been furnished by CM/ECF to:

Kristen E. Burgers (kburgers@hirschlerlaw.com)
Lawrence E. Katz (lkatz@hirschlerlaw.com)
Patrick J. Potter (Patrick.potter@pillsburylaw.com)
Cynthia Cook Robertson (cynthia.robertson@pillsburylaw.com)


/s/ Steven L. Goldberg
Steven L. Goldberg