Entered: February 8th, 2024
Signed: February 7th, 2024
**SO ORDERED**



LORI S. SIMPSON
U.S. BANKRUPTCY JUDGE

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| In re: | * | |
| Zachair, Ltd., | * | Case No. 20-10691-LSS |
|     Debtor. | * | Chapter 11 |
| | * | |
| * * * * * * | * * * * * * | |
| | * | |
| Lawrence A. Katz, Plan Administrator for | * | |
| the Bankruptcy Estate of Zachair, Ltd., | * | |
|     Plaintiff, | * | |
| | * | |
| v. | * | Adv. Pro. No. 23-00014 |
| | * | |
| Dr. Nabil J. Asterbadi, et al., | * | |
|     Defendants. | * | |
| | * | |
| * * * * * * | * * * * * * | |

### ORDER DENYING MOTION FOR SUMMARY JUDGMENT

Before the Court is the Motion for Summary Judgment as to Maureen Asterbadi on Count

1

II [Dkt. No. 33] (the "Motion for Summary Judgment"), filed by Defendant, Maureen Asterbadi, and the Opposition [Dkt. No. 48] filed by Plaintiff, Lawrence A. Katz, Plan Administrator for the Bankruptcy Estate of Zachair, Ltd. For the reasons stated herein, the Court will deny the Motion for Summary Judgment.

On January 17, 2020, Zachair, Ltd. ("Debtor") filed its Voluntary Chapter 11 Petition [Case No. 20-10691, Dkt. No. 1]. Defendants, Dr. Nabil J. Asterbadi and his wife, Maureen Asterbadi, are the owners and directors of Debtor. Two days later, Debtor filed its bankruptcy schedules. Debtor's primary asset was 423 acres of real property split between four parcels in Prince George's County, Maryland (the "Property"). After multiple extensions of the exclusivity period, Debtor filed its original plan on June 28, 2021 [Case No. 20-10691, Dkt. No. 224], and then filed an Amended Plan and Disclosure Statement on September 7, 2021. [Case No. 20-10691, Dkt. Nos. 245 & 246]. Debtor's proposed plan was to be funded through the sale of the Property. Further, the First Amended Plan contained a provision providing for the wavier of all avoidance actions against all persons, except certain exclusions not relevant to this proceeding. To that end, Debtor filed a Notice of Abandonment of Avoidance Actions [Case No. 20-10691, Dkt. No. 224] on December 22, 2021. On June 22, 2022, Debtor filed a Second Amended Plan and Disclosure Statement [Case No. 20-10691, Dkt. Nos. 332 & 333]. The following week, Sandy Spring Bank filed a competing Chapter 11 Plan [Case No. 20-10691, Dkt. No. 337]. Debtor filed a Third Amended Plan and Disclosure Statement [Case No. 20-10691, Dkt. Nos. 365 & 366] (incorrectly labeled "Second Amended Plan").

After Debtor's failure to confirm a plan or complete a sale of the Property for almost three years, the United States Trustee filed a Motion to Appoint Trustee [Case No. 20-10691,

Dkt. No. 394]. Therein, the U.S. Trustee alleged that Dr. Asterbadi had a conflict of interest and was unnecessarily delaying the sale of the Property to the detriment of the creditors of the estate. On November 3, 2022, the Court entered a Consent Order Granting Motion to Appoint Chapter 11 Trustee [Case No. 20-10691, Dkt. No. 412]. A week later, the Court approved the U.S. Trustee's appointment of Lawrence A. Katz as the Chapter 11 Trustee. Shortly thereafter, the Court approved Debtor's Third Amended Plan, which provided for Mr. Katz to continue his administration of the estate as Plan Administrator.

On January 16, 2023, Plaintiff filed the Complaint [Dkt. No. 1] in this adversary proceeding, naming Dr. Asterbadi and Movant as defendants. Plaintiff asserted three causes of action against Defendant. Count I was for repayment of shareholder loans made by Debtor to Defendants. Count II was for breach of fiduciary duty specifically related to Debtor's abandonment of avoidance actions. Count III was for breach of fiduciary duty related to their care of the Property. Defendants filed joint Answer [Dkt. No. 8] on March 10, 2023. After obtaining leave from the Court, Movant filed a separate Amended Answer [Dkt. No. 19] on April 28, 2023.

On November 3, 2023, Movant filed the Motion for Summary Judgment. Movant asserts that she, although named a director, was not involved with Debtor's management either prior to or after the petition was filed. Movant argues that the filing of the petition was a watershed moment that effectively created a new entity. In other words, Movant argues that Zachair the debtor-in-possession was a different entity than the Zachair, Ltd. that existed pre-petition. Movant then asserts that she had no right or obligation to participate in the management of Debtor post-petition and had no understanding of or involvement in the Notice of Abandonment.

3

Further, Movant asserts that Debtor's abandonment of the avoidance actions was well publicized, and no objections thereto were filed. The only evidence Movant submitted in support of her Motion for Summary Judgment is her own Declaration [Dkt. No. 44-2] and the Corporate Resolution [Dkt. No. 44-3] authorizing Debtor to file a bankruptcy petition and naming Dr. Asterbadi as Debtor's Designated Representative.

Plaintiff filed his Opposition to the Motion for Summary Judgement on November 17, 2023. Plaintiff argues that case law does not support Movant's position that the filing of the petition created a new entity. Plaintiff further argues that director of an entity debtor retain their fiduciary duties to shareholders, and that such fiduciary duties are expanded to the creditors of the bankruptcy estate. Plaintiff further argues that Movant's abdication of her fiduciary duties should not shield her from liability.

The Court must "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material fact" is one which "might affect the outcome of the suit under the governing law." "[A] party seeking summary judgment always bears the initial responsibility of informing the ... court of the basis for its motion, and ... [must] demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986). When evaluating the evidence presented in support of summary judgment, the Court must not weigh the evidence or make credibility determinations. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Further, the Court must take "all inferences to be drawn from the underlying facts in the light most favorable to the non-movant." *In re Apex Exp. Corp.*, 190 F.3d 624, 633 (4th Cir. 1999).

If the movant has submitted sufficient evidence to establish the absence of a genuine issue of material fact, the burden of production shifts to the non-moving party to show there are, in fact, unresolved issues of material fact. *Emmett v. Johnson*, 532 F.3d 291, 297 (4th Cir. 2008). In such instance, the burden on the non-moving party requires more than "rest[ing] upon mere allegations or denials of his pleading," the non-moving party "must come forward with specific facts showing that there is a genuine issue for trial." *Id.* (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

The Motion for Summary Judgment is not adequately supported. As mentioned above, the only evidence presented was Movant's self-serving declaration and the Corporate Resolution. Further, Movant did not present strong support for her fairly substantial legal arguments, specifically that a new entity is created upon the filing of a bankruptcy petition and that she was absolved of all obligations to shareholders and creditors by the Corporate Resolution and the filing of a bankruptcy petition. As such, Movant has failed to bear her initial burden of demonstrating the absence of a genuine issue of material fact. Accordingly, the Motion for Summary Judgment will be denied. Wherefore, it is, by the United States Bankruptcy Court for the District of Maryland,

**ORDERED**, that the Motion for Summary Judgment is **DENIED**.

cc:     All parties.

**End of Order**